**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

RUSLAN KONOVALCHUK,

                       **Plaintiff,**

  vs.                                                    9:11-cv-01344
                                                               (MAD/CFH)

MICHAEL F. CERMINARO, Police Officer, Utica Police Department; ANKEN, Police Officer, Utica Police Department; FRENCH, Police Officer, Utica Police Department; AIMEDIN MEKIC, Police Officer, Utica Police Department, OFFICER MOORE, Police Officer, Utica Police Department, SCULLY, Police Sgt., Utica Police Department; TIMOTHY MOORE, Investigator, Utica Police Department; PETRIE, Police Officer, Utica Police Department; CUDA, Parole Officer; PEZDEK, Parole Officer; CARROL, Senior Parole Officer; CITY OF UTICA; COUNTY OF ONEIDA; ALBAN URYNIAK, Utica Police Sgt.; JAMES WATSON, Utica Police Captain; JEFFREY FARRELL, Oneida County Sheriff Deputy,

                       **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**RUSLAN KONOVALCHUK**
**12-B-1663**
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929
Plaintiff *pro se*

**OFFICE OF CORPORATION**              **JOHN P. ORILIO, ESQ.**
**COUNSEL - City of Utica**                  **JOAN K. HARRIS, ESQ.**
One Kennedy Plaza                           **MARK C. CURLEY, ESQ.**
Utica, New York 13502
Attorneys for Defendants Cerminaro, Anken,
French, Mekic, Moore, Scully, Timothy Moore,
Petrie, City of Utica, County of Oneida,
Uryniak, Watson, and Farrell

**BARTH, SULLIVAN & BEHR**               **DAVID H. WALSH, IV, ESQ.**

224 Harrison Street
Syracuse, New York 13202
Attorneys for the County Defendants

**OFFICE OF THE NEW YORK**      **KRISTEN M. QUARESIMO, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants Cuda,
Pezdek, and Carrol

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution. *See* Dkt. No. 56. The named Defendants are nine law enforcement officers of the Utica Police Department and the City of Utica (the "City Defendants"), a Deputy Sheriff from the Oneida County Sheriff's Department and the County of Oneida (the "County Defendants"), and three New York State Parole Officers (the "State Defendants"). *See id.*

In his complaint, Plaintiff contends that Defendant Farrell violated his First and Fourteenth Amendment rights when Defendant Farrell denied him food and water, and exposed him to second hand smoke, all done in retaliation for filing a complaint against the arresting officers. *See* Dkt. No. 56 at ¶ 38. Further, Plaintiff alleges that his Fourth Amendment right against the use of excessive force was violated when: (1) Defendants Cerminaro, Anken, French, Mekic, Moore, Cuda, and Pezdek assaulted him while he was hand-cuffed, lying face-down on the ground; (2) Defendant Carroll gripped his neck and attempted to assault him with a police radio; and (3) Defendant Cerminaro choked him twice and dragged him to the police vehicle,

hitting his head on the car door. Liberally construed, the complaint also appears to contend that he was arrested without probable cause. Moreover, Plaintiff claims that his Fourteenth Amendment rights were violated when: (1) Defendants Carroll, Uryniak, Scully, and Moore failed to intervene when he was being assaulted on the ground and slammed against a wall; (2) Defendants Cuda, Pezdek, Anken, Scully, Uryniak, and Moore failed to intervene when Defendant Carroll was holding him in a tight grip and threatened him with a radio; (3) Defendants Anken, French, Mekic, Moore, Uryniak, Scully, Carroll, Cuda, and Pezdek failed to intervene when Defendant Cerminaro choked him twice and hit his head on the police car door; and (4) Defendants Cerminaro, Petrie, and Watson denied him medical care after being informed that he was hurt and in pain. As to Defendants Oneida and Utica, Plaintiff contends that they failed to train their employees, resulting in the above unconstitutional conduct.

Currently pending before the Court are (1) Plaintiff's motion for summary judgment (Dkt. No. 94); (2) the State Defendants' motion for summary judgment (Dkt. No. 97); (3) the County Defendants' cross-motion for summary judgment (Dkt. No. 98); and (4) the City Defendants' cross-motion for summary judgment (Dkt. No. 100). Although Plaintiff responded to the City Defendants' motion, he failed to respond to the County Defendants and the State Defendants' motions for summary judgment, despite being given notice of the consequences for failing to respond. *See* Dkt. No. 97 at 1-2; Dkt. No. 98-7.

In an October 30, 2013 Report-Recommendation and Order, Magistrate Judge Hummel recommended that the Court (1) deny Plaintiff's motion for summary judgment; (2) grant the State Defendants' motion for summary judgment; (3) grant the County Defendants' cross-motion for summary judgment; and (4) grant-in-part and deny-in-part the City Defendants' cross-motion for

summary judgment. *See* Dkt. No. 107. None of the parties objected to the Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed the October 30, 2013 Report-Recommendation and Order, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Hummel correctly recommended that the Court (1) deny Plaintiff's motion for summary judgment; (2) grant the State Defendants' motion for summary judgment; (3) grant the County Defendants' cross-motion for summary judgment; and (4) grant-in-part and deny-in-part the City Defendants' cross-motion for summary judgment. *See* Dkt. No. 107. As to the City Defendants' cross-motion for summary judgment, Magistrate Judge Hummel determined that the motion should be granted as to the failure to intervene claims against Defendant Scully and the claim of municipal liability against Defendant City of Utica, but denied in all other respects. *See id.* at 47. Upon review of the thorough and well-reasoned Report-Recommendation and Order, the Court finds that Magistrate Judge Hummel did not clearly err in any of his recommendations.

Wherefore, the Court hereby

**ORDERS** that Magistrate Judge Hummel's October 30, 2013 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's motion for summary judgment (Dkt. No. 94) is **DENIED**; and the Court further

**ORDERS** that the State Defendants' motion for summary judgment (Dkt. No. 97) is **GRANTED**; and the Court further

**ORDERS** that the County Defendants' cross-motion for summary judgment (Dkt. No. 98) is **GRANTED**; and the Court further

**ORDERS** that the City Defendants' cross-motion for summary judgment (Dkt. No. 100) is **GRANTED** as to the failure to intervene claims against Defendant Scully and the municipal

5

liability claim against Defendant City of Utica but **DENIED** in all other respects;[1] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 24, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] As a result of this Order, Defendants Cuda, Pezdek, Carroll, City of Utica, County of Oneida, and Farrell are terminated from this case.